### FISHMAN et al. v. PLATT.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CARRIERS—EXPRESS COMPANIES—FAILURE TO DELIVER—CONVERSION.

Plaintiffs delivered a package of goods to defendant express company on October 12, 1903, and on the succeeding day the package was tendered to the consignee, who refused to accept it, whereupon it was placed by defendant with other goods on hand. On February 12, 1904, a claim was made on defendant for the goods, to which defendant replied that the goods had been delivered to the consignee on October 13, 1903, but a few days later wrote again to plaintiffs that the consignee had refused to accept the goods, and asked as to disposition. Held, that defendant was only liable for delay in sending notice of the consignee's refusal, and not for conversion.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles Fishman and another against Thomas C. Platt, as president, etc. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Boardman, Platt & Soley, for appellant.

PER CURIAM. This action was brought to recover the sum of $120 "for the conversion of personal property." The testimony given upon the trial utterly fails to show a conversion. Plaintiffs gave the defendant a package of suits, 12 in number, to carry to Paterson, N. J., addressed to J. Fabian. At the time the goods were shipped the plaintiffs handed the defendant's driver an express receipt, filled out by plaintiffs. The driver signed it and immediately returned it to the plaintiffs. This was on October 12, 1903. The next day the package was carried to Paterson, and tendered to the consignee, who refused to accept it, and the defendant placed it with other goods on hand. On February 12, 1904, a claim was made upon the defendant for the goods. The defendant replied by postal card to the plaintiffs that the goods had been delivered to Fabian October 13, 1903, but a few days later wrote again to plaintiffs that Fabian had refused to accept the goods, and asking what disposition should be made of them. Plaintiffs gave no directions, but brought suit, and recovered for the full value of the goods. These facts were proven by the plaintiffs, and are undisputed. They fail to show conversion of the goods in question. Defendant

moved at the close of plaintiffs' case, and renewed the same at the close of the whole case, to dismiss the complaint on the ground that plaintiffs had sued in conversion, but had proven merely a delay in sending notice of consignee's refusal. This motion was denied. It should have been granted. It is clear that plaintiffs have mistaken their form of action, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.